IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JOSE BALDERRAMA, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-04-451-S-MHW |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| JEFF CONWAY, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is Respondent's Motion to Dismiss (Docket No. 29). The parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case (Docket Nos. 7 & 9). Having reviewed the record and considered the arguments of the parties, the Court enters the following Order.

**I.**

**BACKGROUND**

Petitioner was convicted of trafficking of a controlled substance after a jury trial in the Fourth Judicial District Court of Idaho. Judgment was entered on March 19, 1999.

MEMORANDUM ORDER  1

Petitioner filed a direct appeal, which was heard by the Idaho Court of Appeals. On February 10, 2000, the Idaho Court of Appeals issued its decision. On March 3, 2000, the remittitur was issued. Petitioner did not file a petition for review with the Idaho Supreme Court. *See State's Exhibits B-1 to B-4*. Petitioner asserts that he did not receive notice of the Court of Appeals decision from his public defenders in time to file a petition for review. *See Petitioner's Affidavit*, at ¶ 6 (Docket No. 37).

Petitioner filed a petition for post-conviction relief on March 23, 2001. *See Petitioner's Affidavit, Exhibit C* (Docket No. 4, at p. 12). The petition remained pending for several years with no action by the state district court or Respondent. On December 7, 2004, Respondent filed a motion to dismiss the petition because it was filed beyond the statute of limitations deadline. The state court agreed, and dismissed Petitioner's petition. *See State's Exhibit C-5* (Docket No. 25-2).

Petitioner filed a timely appeal from the dismissal of his post-conviction action. The state court denied Petitioner in forma pauperis status on appeal, and Petitioner failed to pay the appeal fee. *See State's Exhibits C-10 and D-1*. On October 5, 2005, Petitioner's appeal was dismissed. *See Order Dismissing Appeal* (Docket No. 27).

**II.**

MEMORANDUM ORDER  2

**MOTION TO DISMISS**

Respondent argues that Petitioner has missed his federal statute of limitations in this case, that Petitioner's claims are procedurally defaulted, and that several claims are noncognizable. The Court now addresses these contentions.

**A.     Statute of Limitations Issue**

     1.     Standard of Law

The Petition in this case, filed on September 1, 2004 (mailbox rule date), is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted in 1996. Under AEDPA, petitioners have a one-year statute of limitations period within which to file a federal habeas corpus petition. The one-year period usually begins to run from the date the state court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The statute provides tolling (stopping) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, to the extent that a petitioner properly filed an application for post-conviction relief in state court, or other collateral review, the time that the application was pending in state court will not count toward the one-year limitations period.

     2.     Beginning Date of Statute of Limitations

The first task is determining when Petitioner's state judgment of conviction became final. Petitioner pursued a direct appeal in the Idaho Court of Appeals, but did not proceed to the Idaho Supreme Court. Where a petitioner does not seek review of an Idaho Court of Appeals decision by filing a petition for review with the Idaho Supreme Court, the judgment becomes final on the expiration of the time within which he could have filed a petition for review, which is a time period of 21 days under Idaho Appellate Rule 118. *See Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). Therefore, Petitioner's judgment became final on March 3, 2000, when the Idaho Court of Appeals issued its remittitur.

    3.    <u>Statutory Tolling</u>

Petitioner had one year from March 3, 2000, in which to file his federal petition or a state collateral relief petition which would qualify for statutory tolling. Petitioner filed his state post-conviction petition on March 23, 2001, which was too late to toll the federal statute, which expired on March 3, 2001. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Even if the Court assumes that Petitioner qualifies for equitable tolling prior to March 23, 2001 (see discussion below), Petitioner's state post-conviction petition was ultimately deemed untimely by the state court, and, therefore, the federal statute would have expired during the pendency of that action. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (state postconviction petition

which was rejected by the state court as untimely under state statute of limitations was not properly filed within the meaning of the statutory tolling provision of AEDPA).

Neither did Petitioner's two petitions for writ of mandate, filed with the Idaho Supreme Court on March 24, 2003, and September 11, 2003, toll the federal statute, which had long since passed by the time those actions were filed. *See Ferguson, supra*. Petitioner's federal petition was not filed until September 1, 2004, and thus was untimely. The federal Petition cannot be heard absent a showing that equitable tolling should be applied.

    4.    <u>Equitable Tolling</u>

The limitations period may be equitably tolled under exceptional circumstances, which will allow the merits of the petition to be heard in federal court. A petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace*, 544 U.S. at 418.

Petitioner asserts that the public defender's office did not receive the Idaho Court of Appeals' remittitur on his direct appeal until March 15, 2000, even though it issued on March 3, 2000, and that Petitioner did not receive notice of it until May 5, 2000, because he was housed in a Texas facility. Petitioner may be entitled to tolling for the time period between March 3, 2000, and May 5, 2000.

The next time period the Court considers is that of May 5, 2000, to December 18, 2000. Petitioner spent this time period in the same Texas facility, and was returned to

MEMORANDUM ORDER  5

Idaho on December 18, 2000.  Petitioner has not shown that he exercised diligence during this time period.  Therefore, there is no ground for equitable tolling of this time period.

Next, Petitioner asserts that he was deprived of his legal documents during his transfer from Texas to Idaho, and that he was in "lockdown" status for many weeks after his return to Idaho on December 18, 2000.  He asserts that, by March 2001, he was able to obtain his property and legal paperwork and find an inmate who was knowledgeable in the law and spoke Spanish. At that time, he filed his post-conviction relief petition.

Deprivation of legal materials has been held a proper basis for equitable tolling. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027 (9th Cir. 2005) ("As we have recognized, it is 'unrealistic to expect [a habeas petitioner] to prepare and file a meaningful petition on his own within the limitations period' without access to his legal file.") (quoting *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003)).

The Court now determines whether the time periods to which Petitioner is likely entitled to equitable tolling are enough to cover the entire period of time between the expiration of the statute of limitations and the actual filing date of the federal Petition.  If the Court tolls the time period between March 3, 2000, and May 5, 2000, then Petitioner had 365 days in which to file, beginning on May 5, 2000.  Petitioner has no grounds for tolling from May 5, 2000, to December 18, 2000, which used 228 days of the statute, leaving 137 days remaining.  If the Court again tolls the time period when Petitioner did not have access to his files after transit, December 18, 2000, to March 21, 2001, when the post-conviction petition was filed, the period of 137 days remained.

MEMORANDUM ORDER  6

However, because Petitioner's state post-conviction petition was deemed untimely, the post-conviction action did not act to toll the federal statute. Thus, the remaining 137 days of his federal habeas statute of limitations expired during the pendency of his state post-conviction action. *See Pace*, 544 U.S. at 418.

Petitioner generally alleges that he was hampered by difficulties in obtaining case law and other legal materials. He alleges that the prison legal packets provided by the prison are "crude, vague and incomplete in content and instruction." However, he has failed to show particularly how and when these deficiencies were related to his late filing. In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time. *See Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir.2001) (per curiam) (requiring petitioner to show that "extraordinary circumstances" were the "but-for and proximate cause of his untimeliness").

The Ninth Circuit has recently joined other circuits in holding that ignorance of the law alone is not an appropriate ground for equitable tolling. *Rasberry v. Garcia*, – F.3d – (No. 03-15854) (9th Cir. May 25, 2006); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Similarly, in the procedural default context, the Ninth Circuit has held that illiteracy, borderline mental deficiency, and reliance upon an incompetent jailhouse lawyer are not adequate grounds to show cause to excuse procedural default. *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 907-08 (9th Cir. 1986).

MEMORANDUM ORDER  7

Given the foregoing restrictions on equitable tolling, the Court sees nothing in the record which would toll the additional time needed to render Petitioner's Petition timely. The Court now reviews Petitioner's claims to determine whether, absent, a timeliness issue, he could proceed.

**B.     Procedural Default Issue**

1.     Standard of Law

A federal habeas petitioner must first exhaust his state court remedies as to all of his constitutional claims before presenting them to the federal court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court may deny the claim on its merits, but it cannot otherwise grant relief on such unexhausted claims.  28 U.S.C. § 2254(b).  The petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, or (2) that he did not present the claim to the highest state court, but no state court remedy is available when he arrives in federal court (improper exhaustion).  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

To exhaust a habeas claim properly, a habeas petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review.  *Baldwin v. Reese*, 541 U.S. 27 (2004).  Improperly exhausted claims are deemed "procedurally defaulted."  Procedurally defaulted claims include those falling within the

MEMORANDUM ORDER  8

following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; or (3) when the Idaho courts have rejected a claim on an independent and adequate state procedural ground.[1]

If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the merits of the claim unless a petitioner meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default; or a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

2.   Claim 5

Claim 5 is that "Petitioner seeks all claims that are in his state petition for post-conviction relief be heard by this Court." Petitioner's post-conviction action was dismissed by the state district court for failure to file within the appropriate statute of limitations period. The state district court denied Petitioner in forma pauperis status because he had the sum of $1,256 enter his prison trust account during the year. *See State's Second Supplement Lodging of Exhibits* (Docket No. 25-2). Of the $1,256 deposited into his account, $392 was from prison wages, and the remainder appears to have been from regular money order deposits, presumably from family. Petitioner asserts

---

[1] *See Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

that he "had no source of income and could not afford the Court's fees"; however, he appears to have been employed from May 2004 to September 2004, and again in March 2005, and he does not show that regular money order deposits from his family had ceased at the time he was required to pay the fees. *Petitioner's Objection*, at p. 13 (Docket No. 36).  Petitioner failed to pay the appellate filing fee, and, as a result, his appeal was dismissed.

Petitioner did not appeal the district court's denial of his fee application, nor has he shown that he was actually unable to pay, given that all of the necessities of life are provided by the prison. Therefore, Petitioner's claims in his state post-conviction petition are procedurally defaulted.

A state procedural default will bar a petitioner from bringing those claims in federal court if the state default is independent of federal law and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).  The default of Petitioner's claims is based on a ground that is independent of federal law (failure to pay the filing fee).  The basis for default is adequate because it was "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser,* 266 F.3d 1091, 1093-94 (9th Cir. 2001).  The Court is not aware of any case law authorizing an appeal to proceed without either having in forma pauperis status or paying the filing fee.

Petitioner has failed to show adequate cause for the default of Claim 5.  As a result, the Court does not consider prejudice.  There has also been no showing of actual

MEMORANDUM ORDER  10

innocence.  *See State's Exhibit B-3* (Idaho Court of Appeals' discussion of evidence presented at trial).  As a result, Claim 5 is dismissed with prejudice.

    3.    <u>Claim 2</u>

Claim 2 appears to rely on *Napue v. Illinois*, 360 U.S. 264 (1959).  The facts and general legal theory of this claim were alleged in Petitioner's amended post-conviction petition in state court (Docket No. 4, at p. 67 & 70).[2]  Particularly, Petitioner alleges that federal agents' testimony in a federal criminal action that was dismissed (apparently arising from the same factual circumstances) was different from testimony they presented at his state criminal trial.  As noted above, because Petitioner did not pay the appeal fee or appeal the denial of his in forma pauperis motion, his claim is procedurally defaulted and no cause exists to excuse the default.  Therefore, this claim is subject to dismissal with prejudice.

## C.    Cognizability of Claims 1, 3, and 4

Even if Petitioner's federal Habeas Petition were timely, three of his claims are subject to dismissal for failure to state a cognizable claim upon which federal habeas relief can be granted: Claim 1, denial of due process based upon post-conviction proceedings; Claim 3, constitutional violations based upon the trial court's delaying and obstructing Petitioner from obtaining relief during post-conviction proceedings; and

---

[2] A conviction meets the *Napue* test and a writ can issue if there is a showing that (1) the prosecution knowingly presented false evidence or testimony at trial, and (2) that the testimony was material, meaning there is a reasonable likelihood that the false evidence or testimony could have affected the judgment of the jury.  *See Hayes v. Brown*, 399 F.3d 972, 984 (9th Cir. 2005) (*en banc*).

MEMORANDUM ORDER  11

Claim 4, discrimination by the trial court during post-conviction proceedings based on race and ethnicity.

Habeas corpus is not the proper avenue to address errors in a state's post-conviction review process.  *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989).  In *Williams v. Missouri*, 640 F.2d 140 (8th Cir. 1981), the court explained:

> [I]nfirmities in the state's post conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction [citation omitted]. . . . There is no federal constitutional requirement that the state provide a means of post-conviction review of state convictions. . . .  Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings.  Habeas corpus in the federal courts does not serve as an additional appeal from state court convictions.  Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since [such a] claim . . . represents an attack on a proceeding collateral to detention of appellant and not on the detention itself."

*Id*. at 143-44.  As a result, Claims 1, 3, and 4 are subject to dismissal with prejudice.

**D.     Claim 2 Construed as a Sufficiency of Evidence Claim**

Claim 2 is that Petitioner was unlawfully convicted by the prosecution's presentation of federal agents who committed perjury at trial, violating his Fifth and Fourteenth Amendment rights.  This claim is merely a recasting of the claim presented on direct appeal, where it was phrased as an insufficiency of the evidence claim.  Even if the Court construes Claim 2 as a sufficiency of the evidence claim and assumes that this claim is not procedurally defaulted because Petitioner was not provided the Idaho Court

MEMORANDUM ORDER  12

of Appeals' decision in time to file a petition for review, it still does not warrant relief on the merits.

Under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), there is sufficient evidence to support a conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Further, "all of the evidence is to be considered in the light most favorable to the prosecution." However, "if the historical facts would support conflicting inferences, the federal court 'must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution.'" *Payne v. Borg*, 982 F.2d 335, 338 (9th Cir. 1992) (citing *Jackson v. Virginia*, 443 U.S. at 324). If the Idaho court's decision is contrary to *Jackson*, a writ of habeas corpus may issue for evidentiary insufficiency. *See Juan H. v. Allen*, 408 F.3d 1262, 1274-75 (9th Cir. 2005) (applying AEDPA deference to a *Jackson* claim).

On Petitioner's challenge to the sufficiency of the evidence, the Idaho Court of Appeals determined:

> Roman testified as an eyewitness that he had met Balderrama and Valencia outside Balderrama's place of employment; that Balderrama instructed Roman and Valencia to meet him in the alleyway behind the building; and that, once in the alleyway, Balderrama delivered to Valencia the black gym bag, which contained the heroin. Two federal agents corroborated Roman's report, testifying that they witnessed Balderrama exit the building carrying a black gym bag and return minutes later without the bag. "Eyewitness testimony is substantial competent evidence upon which a jury can rely." This eyewitness testimony was sufficient to support the guilty verdict.

*State's Exhibit B-3*, at p. 3 (Docket No. 3) (legal citation omitted).

On the issue of the conflicting government agent testimony at trial in the context of the sufficiency of the evidence claim, the Idaho Court of Appeals reasoned:

> To the extent that Balderrama is arguing that Roman was biased or lacked credibility because he was a professional, paid informant, the argument is unpersuasive. At trial, the jury heard testimony regarding Roman's past experience as an informant and that he was paid $8,000 to $10,000 for his work on this case. The jury was given the opportunity to assess Roman's demeanor and to weigh his credibility in light of this information. "It is the jury's function to assess the demeanor of the witnesses and make a determination of credibility. . . . This Court will not second-guess the jury's determination on credibility or the weight to be given to witnesses' testimony."
>
> Balderrama's next contention is that the evidence was insufficient because there was conflicting testimony from surveilling law enforcement officers as to whether Balderrama exited the front or rear door of the restaurant. We disagree. Although there is conflicting evidence regarding the route Balderrama allegedly took to the rendezvous point in the alleyway, this factual conflict is tangential to the central issue of whether Balderrama delivered the heroin to Valencia. It is the province of the jury to weigh conflicting evidence and draw conclusions therefrom. The route taken by Balderrama is inconsequential to the ultimate determination of the identity of the individual that delivered the heroin. The officers' testimony was consistent on the significant point that each saw Balderrama carrying a bag toward the area where the delivery occurred. The conflicting versions of the route taken by Balderrama do not demonstrate an absence of competent evidence to support the verdict.

*State's Exhibit B-3*, at p. 3 (Docket No. 3) (legal citations omitted).

Based upon the record, Petitioner has failed to show that the Idaho Court of Appeals decision on direct appeal – or his conviction – is contrary to *Jackson*. It is clear from the evidence presented at trial that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443

MEMORANDUM ORDER  14

U.S. at 319.  The conflicting evidence, as the Idaho court noted, is an item to be weighed by the jury and its decision must be given deference.  Accordingly, Petitioner has not shown that he is entitled to relief under § 2254 if Claim 2 is viewed as a sufficiency of the evidence claim.

### III.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion to Dismiss (Docket No. 29) is GRANTED for the reasons set forth herein.  Petitioner's Petition for Writ of Habeas Corpus is DISMISSED with prejudice.



DATED:  **June 2, 2006**

_____
Honorable Mikel H. Williams
United States Magistrate Judge

MEMORANDUM ORDER  15